*607 Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 12, 2012, which, to the extent appealed from, denied defendants Christopher Chakford’s and Direct Access Partners, LLC’s motions to dismiss the complaint, unanimously affirmed, without costs.
Defendants failed to establish as a matter of law that the restrictive covenants contained in the separation agreement are invalid under Post v Merrill Lynch, Pierce, Fenner & Smith (48 NY2d 84 [1979]) and its progeny. The separation agreement between Chakford and SecondMarket constituted a contract separate from, and independent of, Chakford’s previous employment agreement. Chakford entered into the separation agreement, with advice of counsel, a month after his employment had ended, and he makes no claim that the agreement was the product of any duress. Moreover, SecondMarket alleges that Chakford received additional benefits other than those he was entitled to under previous employment contracts, and Chakford concedes that the separation agreement provided him with six months of COBRA payments. Thus, the facts here are distinguishable from Post.
The court also properly determined that, on this record, at the pre-answer motion to dismiss stage, rejection of the covenants on the basis of reasonableness was premature.
We have considered the parties’ remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Clark, JJ.